CAROLE L. FOSCO, Plaintiff-Appellant, v. ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendants-Appellees.

Third District No. 3—90—0604

Opinion filed May 13, 1991.

Chester C. Fuller, of Peoria, for appellant.

Kathleen O'Brien, of Illinois Municipal Retirement Fund, of Chicago, for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Carole L. Fosco, brought this action seeking review of the Illinois Municipal Retirement Fund (IMRF) Board of Trustee's (Board's) decision which denied her application for an IMRF survivor

annuity. The trial court affirmed the defendant Board's decision. The plaintiff appeals.

The facts are not in dispute. The decedent, Lewis J. Fosco, married Norma Irene Fosco on April 4, 1970. On March 31, 1982, the decedent terminated his service with his IMRF employer. On April 1, 1982, his retirement annuity began. On June 6, 1983, the decedent and Norma divorced.

Thereafter, the decedent married the plaintiff. Following the decedent's death on November 21, 1987, both Norma and the plaintiff applied for an IMRF survivor annuity payable on account of the decedent's death.

The Board granted Norma's application and denied the plaintiff's application. The Board's decisions were made pursuant to section 7—154 of the Illinois Pension Code (Code) (Ill. Rev. Stat. 1989, ch. 108½, par. 7—154), which provides the eligibility requirements for an IMRF surviving spouse annuity. Additionally, the Board found that the plaintiff was entitled to a $1,000 lump-sum death benefit payment.

The plaintiff subsequently filed a complaint for administrative review of the Board's decision. The circuit court of Peoria County affirmed the Board's decision. The plaintiff appeals.

On appeal, the plaintiff first contends that she had a vested contractual right to receive a surviving spouse annuity.

■■ We note that if the language of a statute is plain and unambiguous, there is no occasion for construction to ascertain the meaning of the statute. (*Illinois Racing Board v. Hammond* (1977), 56 Ill. App. 3d 609, 371 N.E.2d 1189.) In such a case, the plain meaning of the statute should be given effect. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

■ Section 7—154(1)(a) of the Code, relied on by the Board, lists the eligibility requirements for receiving a surviving spouse annuity. It plainly provides:

> "(1) Surviving spouse annuities shall be payable to the surviving spouse of a participating employee or employee annuitant or person, who on the date of death would have been entitled to a retirement annuity, had he applied for such annuity, and who dies at any time when a surviving spouse annuity equals at least $5 per month, provided:
>
> a. The spouse was married to the participating employee for at least 1 year on the date of death, or was married to the *annuitant* or person entitled to a retirement annuity *for at least 1 year prior to the date of termination of service* ***.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 108½, par. 7—154(1).

The statute is clear and unambiguous. To qualify for a surviving spouse annuity, the spouse must have been married to a "participating" employee for at least one year on the date of death or the spouse must have been married to the "annuitant" for at least one year prior to the date of termination of service.

In the instant case, the plaintiff was not married to the decedent until after he became an annuitant. Also, she was not married to the decedent while he was a "participating" employee. Therefore, she was ineligible to receive an annuity under the clear language of the statute.

The plaintiff contends that the term "present spouse" in paragraph 2 of the decedent's certificate of benefits refers to the decedent's spouse on the date of his death.

We disagree. The certificate states that "This is a joint and survivor annuity with your present spouse." It also states that "if your present spouse does not survive you, your beneficiary will be paid."

We find that the plain meaning of the term "present spouse" refers to the spouse on the effective date of the certificate, which is April 1, 1982. The certificate also refers to a present spouse who does not survive the annuitant. It would defy logic to state what happens if a present spouse predeceases the annuitant and yet define "present spouse" as the spouse on the date of death of the annuitant. That would create an impossible situation in which the language about a spouse predeceasing an annuitant is a nullity. We are not going to presume such an intent on the drafters of the instrument.

The plaintiff next argues that the Board's decision denying her a survivor's annuity violated her equal protection rights. She claims that section 7—154(1)(a) of the Code creates an arbitrary distinction between the surviving spouse of a "participating" employee and the surviving spouse of an "annuitant" employee.

The statute does create a distinction between the spouse of a deceased participating employee and the spouse of a deceased annuitant employee. The surviving spouse of an employee who dies while still actively participating in the IMRF must have been married to the employee for one year prior to the employee's death to receive the surviving annuity. The surviving spouse of a deceased IMRF annuitant must have been married to the annuitant for at least one year prior to the date the annuitant terminated service.

We note, however, that the legislature is not prohibited from enacting legislation which affects one class of people differently from others. (*Fishman v. Teachers' Retirement System* (1980), 86 Ill. App. 3d 649, 408 N.E.2d 113.) The legislature may differentiate between

persons similarly situated as long as the classification bears a reasonable relationship to a legitimate State purpose. (*In re Marriage of Thornqvist* (1979), 79 Ill. App. 3d 791, 399 N.E.2d 176.) We further note that there is a strong presumption in favor of the constitutionality of a statute, even where some inequities result. *People v. Palkes* (1972), 52 Ill. 2d 472, 288 N.E.2d 469.

Although section 7—154(1)(a) of the Code creates a distinction between the spouse of a deceased participating employee and the spouse of a deceased annuitant employee, the distinction is not unreasonable. A reasonable basis for the classification is to provide for a spouse married to a participating employee who dies during the latter years of the couple's working lives while they are planning for retirement. On the other hand, the spouse of a deceased annuitant who marries the annuitant after retirement has not contributed to the planning for retirement as did the spouse of a participating employee. Therefore, the two classes involved are not similarly situated and the classifications created are not arbitrary or unreasonable. Accordingly, we find that the plaintiff's equal protection rights were not violated.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.