(No. 72132.—

LEONARD STONE, Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW, Appellant.

*Opinion filed October 15, 1992.*

258

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

Vicki Lafer Abrahamson, of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The plaintiff, Leonard Stone, filed a claim for unemployment benefits with the Department of Employment Security (the Department) after he was discharged from his job. A claims adjudicator concluded that plaintiff was discharged for misconduct (Ill. Rev. Stat. 1989, ch. 48, par. 432) and thus was ineligible for benefits. Plaintiff's appeal of the adjudicator's decision was confirmed by a referee. Plaintiff then appealed the referee's decision to the defendant, the Board of Review (the Board), and the Board confirmed the referee's decision. Plaintiff next filed a complaint in the circuit court of Du Page County seeking judicial review of the Board's decision. The Board filed a motion to dismiss the complaint on the ba-

sis that Sally A. Jackson, Director of Employment Security (the Director), was not named in the complaint as a defendant. Plaintiff then filed a motion to amend the complaint to include the Director as a defendant. The court granted plaintiff's motion and reversed the Board's decision. The Board appealed and the appellate court found, *inter alia*, that the Board's motion to dismiss was properly denied because the plaintiff "was not required to name Jackson in his complaint." (213 Ill. App. 3d 739, 742.) This court allowed the Board's petition for leave to appeal (134 Ill. 2d R. 315(a)).

Two issues are presented for review, but, because of the conclusion we reach, the court finds that it need address only the following issue: Whether the Director must be named as a defendant in a complaint seeking judicial review of a Board decision.

Resolution of this issue requires the interpretation of two different statutes: section 1100 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 520) (the Act) and section 3—107 of the Administrative Review Law (the Review Law) (Ill. Rev. Stat. 1989, ch. 110, par. 3—107).

Section 1100 of the Act provides, in relevant part, as follows:

> "Review by the courts of decisions on benefits. Any decision of the Board of Review *** shall be reviewable *only* under and in accordance with the provisions of the Administrative Review Law, provided that judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act. *The Director shall be deemed to be a party to any judicial action involving any such decision and shall be represented by the Attorney General.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 520.

Section 3—107 of the Review Law provides as follows:

"Defendants. In any action to review any final decision of an administrative agency, *the administrative agency and all persons*, other than the plaintiff, *who were parties of record to the proceedings before the administrative agency shall be made defendants.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 3—107.

Defendant contends that when section 1100 of the Act is read together with section 3—107 of the Review Law, it should be clear that the Director must be named in a complaint seeking judicial review of a Board decision. On the other hand, plaintiff maintains that the word "deemed," as used in the Act, means that the Director would "step in" to defend the matter only *after* the institution of the judicial review action. Defendant, in its reply brief, states that plaintiff's interpretation must be rejected because, according to the Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—103), "necessary parties do not automatically become defendants; rather, necessary parties must be named in a timely-filed complaint and issued summons."

Because this controversy centers upon the interpretation of the aforementioned statutes, the role of this court is to ascertain the intent of the legislature and to give effect to that intent. (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189.) As a starting point, we look for the intent of the legislature in the language of the statute. (*People v. Ullrich* (1990), 135 Ill. 2d 477, 483.) The language within each section of a statute must be examined in light of the entire statute. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 318.) Section 1100 of the Act is a statute of specific reference and, because it incorporates the provisions referred to, in this case the provisions of the Review Law, the latter statute will be applied as though it were written into the

Act. 2B N. Singer, Sutherland on Statutory Construction §51.08, at 192 (5th ed. 1992).

Initially, it would appear from the plain language of the statutes that plaintiff named the necessary parties because, according to section 1100 of the Act, Board decisions are *only* reviewable in accordance with the provisions of the Review Law. According to section 3—107 of that law, the administrative agency and all persons who were parties of record in the administrative proceeding must be made defendants in a judicial review action. In the instant case, the Director was not a party of record to the Board proceeding. The only person who was a party of record, aside from the plaintiff, was plaintiff's employer, National Interchem Corporation. Thus, plaintiff named only the Board and National Interchem Corporation as the defendants in his complaint.

But, in addition to section 3—107 of the Review Law, the legislature has also provided in section 1100 of the Act that "[t]he Director shall be deemed to be a party to any judicial action involving any" Board decision. (Ill. Rev. Stat. 1989, ch. 48, par. 520.) Thus, a potential conflict arises, because the Act states that Board decisions are *only* reviewable according to the Review Law. At the same time, the legislature has also provided that the Director is deemed to be a party in any judicial action to review a decision of the Board, regardless of whether the Director was a party of record in the administrative proceeding.

The presumption is that statutes which relate to one subject were intended by the legislature to be consistent and harmonious with each other. If an apparent conflict does exist, this court's duty, if reasonably possible, is to harmoniously construe the statutes. (*Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 52.) Defendant maintains that the two statutes must be read together such that the Director must be named in a com-

plaint to review a Board decision. *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866, 868-69, *overruled on other grounds Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349.

The issue raised in this appeal, whether the Director must be named in a complaint for administrative review where she was not a party to the Board proceeding, has not been squarely addressed by our court.

In *Oak Woods Cemetery Association v. Murphy* (1943), 383 Ill. 301, a decision which predated the enactment of the predecessor to the Review Law, the court considered the issue of whether the Director had a statutory right to appeal a circuit court judgment which awarded a refund of contributions paid under the Unemployment Compensation Act (Ill. Rev. Stat. 1941, ch. 48, par. 217 *et seq.*). The court referred to section 14 of the statute, which concerned a person's right to have a Board decision judicially reviewed where a claimant's eligibility for unemployment benefits was at issue. The court noted that the statute provided then, as it does today, " 'The Director shall be deemed to be a party to any judicial action involving any such decision and shall be represented by the Attorney General.' " (*Murphy*, 383 Ill. at 306.) The court found that another section of the statute, although not explicitly granting the Director the right of appeal in matters involving the refund of contributions, was sufficiently comprehensive to allow the Director to be a party on appeal. The court reasoned, in part, as follows:

"An express provision permitting the Director of Labor to appear in appeals involving the matter of the return of contributions and the administration of the funds collected by him would have been superfluous. It by no means follows that, because the legislature deemed it necessary to assure his appearance as a party in appeals involving unemployed claimants, a like requirement was

necessary where the refund of contributions is sought, as here." *Murphy,* 383 Ill. at 307.

In *Cuny v. Annunzio* (1952), 411 Ill. 613, the Board confirmed a decision of the Division of Unemployment Compensation in which it determined, *inter alia,* that Edward and Bernice Cuny, doing business as the Cuny Addressing Service, were employers within the meaning of the Unemployment Compensation Act (Ill. Rev. Stat. 1945, ch. 48, pars. 217 through 250). The Cunys filed a complaint seeking administrative review of the Board decision, but they named only the Director of Labor as the defendant. The Director moved to dismiss the appeal on the basis that the Cunys did not name the Board or the claimant as defendants in their complaint. The court allowed the motion to dismiss after construing section 8 of the Administrative Review Act (Ill. Rev. Stat. 1945, ch. 110, par. 271), which provided, as the Review Law does today, "that 'In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants.' " (*Cuny,* 411 Ill. at 616.) The court relied on this statutory language and held that the Board and the claimant were indispensable parties to a judicial review action.

In a more recent case, this court in *Lockett,* 133 Ill. 2d 349, addressed the issue of whether a police superintendent who was a party of record to a police board proceeding had to be named as a party defendant in an administrative review action. The court referred to section 3—107 of the Review Law and stated that the language "is mandatory and specific, and admits of no modification." (*Lockett,* 133 Ill. 2d at 354.) Thus, this court held that the superintendent should have been named in the complaint since he was a party of record to the police board proceedings.

In *Bradshaw*, 145 Ill. App. 3d 866, the plaintiff was declared ineligible for unemployment benefits by the Department. He filed a complaint for administrative review, naming only the chairman of the Board as the defendant. A motion to dismiss was filed because the plaintiff did not name the Director or his former employer as additional defendants. The court noted that when section 1100 of the Act was read in conjunction with section 3—107 of the Review Law, the Director was required to be a party to a judicial review action. (*Bradshaw*, 145 Ill. App. 3d at 868-69.) The court went on to hold that the plaintiff could amend his complaint to join the Director and his former employer as additional defendants even though the 35-day period described in section 3—103 of the Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) had expired. This holding was later reversed by the court in *Lockett*, 133 Ill. 2d at 356.

The construction of the Act which defendant proposes, and which the *Bradshaw* court apparently followed, is not harmonious with the Review Law, because the Director would be made a party even though she was not a party of record in the administrative proceeding. Section 1100 of the Act could be harmonized with the Review Law if the legislature intended that the Director would be deemed a party of record in the administrative proceeding. However, the plain language of the Act refutes such an interpretation. As the appellate court majority noted, "section 1100 states that the Director shall be deemed a party 'to any *judicial* action' involving a Board decision." (Emphasis in original.) 213 Ill. App. 3d at 742, quoting Ill. Rev. Stat. 1989, ch. 48, par. 520.

Moreover, it would be contrary to the purpose of the Review Law for this court to require that the Director be named as a defendant in a complaint where she was not a party of record in the Board proceeding. The Re-

view Law was adopted in 1945. "Prior to its enactment, there was diversity and uncertainty in the methods by which judicial review of the decisions of administrative agencies might be secured. [Citations.] The [Review Law] was designed to provide a single uniform method by which the decisions of most of the administrative agencies of State government could be judicially reviewed." *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.

Having concluded that the two statutes conflict irreconcilably, this court must determine which statute is controlling. "Generally, specific statutory provisions control over general provisions on the same subject ***." (*Williams*, 139 Ill. 2d at 57.) Given this rule of statutory construction, section 1100 of the Act would control because it specifically relates to the judicial review of Board decisions on unemployment benefits. Section 3—107 of the Review Law is more general in that it relates to any action to review judicially a final decision of an "administrative agency" (Ill. Rev. Stat. 1989, ch. 110, par. 3—101), as that term is defined under the statute.

Nevertheless, the more specific statute does not control where "it appears that the legislature intended to make the general act controlling." (2B N. Singer, Sutherland on Statutory Construction §51.05, at 174 (5th ed. 1992).) According to section 3—102, the legislature expressly provided that the Review Law would take precedence over other statutory modes of review:

"Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act. In all such cases, any other *statutory*, equitable or common law mode of review of decisions of administrative agencies heretofore availa-

ble shall not hereafter be employed." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 3—102.

The Act expressly provides that "[a]ny decision of the Board of Review *** shall be reviewable only under and in accordance with the provisions of the Administrative Review Law." (Ill. Rev. Stat. 1989, ch. 48, par. 520.) The Review Law unambiguously states that when its provisions are expressly adopted, any other statutory mode of review shall not be employed. (Ill. Rev. Stat. 1989, ch. 110, par. 3—102.) Therefore, we hold, under the facts in this case, that the legislature did not intend that the Director must be named in a complaint seeking judicial review of a Board decision.

For the reasons stated, the judgment of the appellate court is affirmed.

*Affirmed.*