Docket No. 84712–Agenda 26–September 1998.

LINNETTE CONCEPCION TOSADO, Appellant, v. A. MILLER 
et al
., Appellees.–GAIL PHIPPS, Appellant, v. LINCOLN

 MEDICAL CENTER, LTD., 
et al
., Appellees.

Opinion filed October 21, 1999.

JUSTICE MILLER delivered the judgment of the court:

Plaintiffs brought separate actions in the circuit court of Cook County seeking to recover damages against defendants for alleged medical malpractice. Defendants were local public entities or their employees. In each case, defendants filed motions to dismiss. In the motions, defendants alleged that the one-year limitation period found in section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8–101 
et seq. 
(West 1996)) barred plaintiffs’ actions. The circuit court denied defendants’ motions to dismiss. The appellate court consolidated these cases on appeal and reversed. 293 Ill. App. 3d 544. We allowed plaintiffs’ joint petition for leave to appeal. 177 Ill. 2d R. 315(a). In addition, we granted the Illinois Trial Lawyers Association leave to submit a brief as 
amicus curiae
. 155 Ill. 2d R. 345. We now affirm the judgment of the appellate court.

BACKGROUND

Cause No. 92–L–4475

Plaintiff, Linnette Concepcion Tosado, commenced her action on April 10, 1992, by filing a complaint in the circuit court of Cook County. The complaint alleged that Drs. Miller, Kopolovic, Cohen, Barnett, and Padilla, all Cook County Hospital employees, were negligent in failing to assess the likelihood of scarring in connection with her surgery. The complaint further alleged that defendants were negligent in failing to warn her of the risks and consequences associated with the surgery and that her consent to the surgery was therefore uninformed.

Defendants filed a motion to dismiss pursuant to section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619 (West 1992)). In their motion, defendants argued that Tosado’s claim must fail because her complaint was filed more than one year after the date of the injury or discovery of a cause of action. Defendants relied on the one-year limitation period contained in section 8–101 of the Tort Immunity Act. Following a hearing, the trial judge denied defendants’ motion believing that a two-year statute of limitation applied. The trial judge, however, found that the case involved a question of law as to which there is a substantial ground for difference of opinion and certified to the appellate court, in substance, the following question:

In a medical malpractice case against a local entity and/or its employees, does the one-year limitation period in the Tort Immunity Act or the two-year limitation period in section 13–212(a) of the Code of Civil Procedure (735 ILCS 5/13–212(a) (West 1992)) apply?

Defendants filed a petition for leave to appeal in the appellate court and leave was granted. The appellate court consolidated this cause with cause No. 94–L–15720 and reversed the circuit courts’ denial of defendants’ motions to dismiss. 293 Ill. App. 3d 544.
 
In doing so, the appellate court held that “the one-year limitations period of the Tort Immunity Act controls because it is a more specific statute and because this construction comports with the plain language of the Tort Immunity Act.” 293 Ill. App. 3d at 546. We allowed plaintiffs’ joint petition for leave to appeal. 177 Ill. 2d R. 315(a).

Cause No. 94–L–15720

In cause No. 94–L–15720, plaintiff, Gail Phipps, commenced her action on December 12, 1994, by filing a complaint in the circuit court of Cook County. Phipps subsequently filed a nine-count amended complaint. According to the allegations in the amended complaint, defendants, Cook County Hospital, Dr. K. Naidoo, an employee of the hospital, and Lincoln Medical Center, Ltd., a professional medical corporation, were negligent in providing Phipps medical care during her pregnancy.

Defendants filed a motion to dismiss counts IV through IX of the amended complaint, those counts naming Cook County Hospital and its employee, Dr. K. Naidoo, as defendants, pursuant to section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 
et seq
. (West 1996)). Counts I through III were filed against a private corporation and are not at issue in this appeal. In their motion, defendants argued that Phipps’ action was untimely under the one-year limitation period found in section 8–101 of the Tort Immunity Act. Phipps responded by asserting that section 13–212(a) of the Code of Civil Procedure set forth the applicable limitation period.

Following a hearing, the trial judge denied defendants’ motion. The trial judge, however, found that the order involved a question of law about which there are substantial grounds for a difference of an opinion. The trial judge certified to the appellate court substantially the same question as did the judge in cause No. 92–L–4475.

Defendants filed a petition for leave to appeal in the appellate court. The appellate court granted defendants’ petition. As noted above, the appellate court consolidated these causes for appeal and reversed the circuit courts’ denial of defendants’ motions. 293 Ill. App. 3d 544. We allowed plaintiffs’ joint petition for leave to appeal. 177 Ill. 2d R. 315(a).

DISCUSSION

The issue presented in this case is whether the two-year limitation period in section 13–212(a) of the Code of Civil Procedure or the one-year limitation period in section 8–101 of the Tort Immunity Act applies to medical malpractice actions against local governmental entities and/or their employees.

Section 13–212 of the Code provides in pertinent part:

“Physician or hospital. (a) Except as provided in Section 13–215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, *** of the injury or death ***.” 735 ILCS 5/13–212(a) (West 1992).

Section 8–101 of the Tort Immunity Act provides:

“No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term ‘civil action’ includes any action, whether based upon the common law or statutes or Constitution of this State.” 745 ILCS 10/8–101 (West 1996).

We believe the language of the statutes is plain and unambiguous. As such, there is no occasion to use aids in the construction of either statute and the plain meaning of the statutes should prevail. 
Fosco v. Illinois Municipal Retirement Fund
, 213 Ill. App. 3d 842 (1991). However, because either section 13–212(a) of the Code or section 8–101 of the Tort Immunity Act could apply to plaintiffs’ actions in the absence of the other, we must decide which of these conflicting provisions must be given effect. In doing so, we must determine which of the two statutes more specifically applies to the case at hand. 
Zimmer v. Village of Willowbrook
, 242 Ill. App. 3d 437, 442 (1993).

Plaintiffs argue that section 13–212(a), containing the two-year limitation period, is the more specific statute and accordingly should be applied to this case. They assert that section 13–212 more narrowly defines defendants, specifying physicians, dentists, registered nurses and hospitals, rather than setting forth the broader category of all governmental entities and their employees. In addition, plaintiffs argue that section 13–212 more narrowly defines plaintiffs and the nature of the claim, specifying that the action must arise out of patient care, as opposed to the broader language of section 8–101 that applies to any injury.

In support of these contentions, plaintiffs rely upon two appellate court decisions, 
Lanxon v. Magnus
, 296 Ill. App. 3d 377 (3d Dist. 1998), and 
Cleaver v. Marrese
, 253 Ill. App. 3d 778 (5th Dist. 1993), and one federal district court decision, 
Murry v. Sheahan
, 991 F. Supp. 1052 (N.D. Ill. 1998), all of which considered the question presented here.

In 
Cleaver v. Marrese
, 253 Ill. App. 3d 778 (5th Dist. 1993), plaintiff, Donna Cleaver, filed a medical malpractice action against Dr. R. Anthony Marrese and the Wood River Township Hospital. The trial court granted the hospital’s motion for summary judgment because plaintiff filed her complaint within two years, but more than one year after the date on which the injury was received or the cause of action accrued. On appeal, the appellate court reversed finding that the two-year limitation period contained in section 13–212(a) of the Code of Civil Procedure applied. The appellate court stated that, “[B]ased on the type of claim plaintiff has filed, an analysis of the conflicting statutes of limitations, and the rules of statutory construction, we conclude that section 13–212 more specifically applies to the instant case.” 
Cleaver
, 253 Ill. App. 3d at 783.

In 
Lanxon v. Magnus
, 296 Ill. App. 3d 377 (3d Dist. 1998), a case decided in the appellate court after the appellate court’s decision in the present case, plaintiffs Susan and Jeffery Meusel and plaintiff Amelia Lanxon, in separate cases, brought actions against Community General Hospital Medical Center (CGH), a municipal corporation, and various other defendants for medical malpractice. In both cases, plaintiffs filed their complaints more than one year, but less than two years, after the accrual of their causes of actions.

CGH moved for summary judgment arguing that plaintiffs’ claims, in both cases, were barred by the one-year limitation period set forth in section 8–101. Plaintiffs argued that their suits were timely filed because the applicable limitation period was the two-year period found in section 13–212(a). The same trial judge denied summary judgment in each case finding the two-year limitation period in section 13–212(a) applicable.

Because of the identity of the issues presented, the appellate court consolidated the 
Meusel
 and 
Lanxon
 cases on appeal and held that section 13–212(a) of the Code, containing the two-year limitation period, was more specifically applicable to the plaintiffs cases. The court explained:

“In applying the more traditional analysis of considering the nature of the claims and the type of injuries sustained by the instant plaintiffs, we find section 13–212(a) more specifically applicable to their cases. Section 8–101 applies generally to civil actions for 
any
 injury, while section 13–212(a) applies specifically and exclusively to actions for injuries arising out of patient care. Accordingly, section 13–212(a) is the more specific statute and should prevail.” (Emphasis in original.) 
Lanxon
, 296 Ill. App. 3d at 381.

Likewise in 
Murry v. Sheahan
, 991 F. Supp. 1052 (N.D. Ill. 1998), a federal district court was asked to consider the question of whether section 13–212 or section 8–101 applied to pendent state law medical malpractice claims brought against Cook County and its agents. In that case, the then-presiding district judge originally denied defendant’s motion to dismiss, holding that the two-year statute of limitations applied. The court was then asked to reconsider its ruling in light of the appellate court’s decision in this case. On reconsideration, a magistrate judge again held that the two-year limitation period applied. The judge explained:

“Here, the Physician or Hospital’s section of the Illinois Code of Civil Procedure *** provides a statute of limitations period tailored to a specific cause of action and directed at a specific class of potential defendants: ‘actions for damages for injury or death against any physician, dentist, registered nurse or hospital.’ 735 ILCS 5/13–212. In contrast, the *** Tort Immunity Act provides a statute of limitations period for a broad range of civil actions and potential liabilities: ‘civil actions against a local entity.’ 745 ILCS 10/8–101.”

We agree with the result reached in the appellate court in the case before us and disagree with the result reached in 
Cleaver
, 
Lanxon
 and 
Murry
. We believe that the focus of the inquiry under the statutes at issue here should be on the nature of the defendants rather than on the type of the cause of action. We believe, therefore, that the one-year limitation period contained in section 8–101 of the Tort Immunity Act is more specifically applicable to these defendants.

The legislature, when enacting the Tort Immunity Act, specifically stated that its purpose was “to protect local public entities and public employees from liability arising from the operation of government.” 745 ILCS 10/1–101.1(a) (West 1994). In enacting the Tort Immunity Act the legislature focused on a particular category of potential defendants and granted local governmental entities and their employees greater protection than nongovernmental entities and their employees.

This court recognized the legislative intent behind the Tort Immunity Act in 
Saragusa v. City of Chicago
, 63 Ill. 2d 288 (1976). In 
Saragusa
, this court stated that the purpose of the limitation period contained in section 8–101 “is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed.” 
Saragusa
, 63 Ill. 2d at 293. Such an investigation permits prompt settlement of meritorious claims and allows governmental entities to plan their budgets in light of potential liabilities. 
Reynolds v. City of Tuscola
, 48 Ill. 2d 339, 342 (1971). The court in 
Saragusa
 further stated that “[b]ecause a local government entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged period of time within which a claim must be asserted is reasonable.” 
Saragusa
, 63 Ill. 2d at 293.

In enacting section 8–101 of the Tort Immunity Act, we believe, the legislature intended to protect a specific class of defendants, local governmental entities and their employees. Thus, in medical malpractice actions against local governmental entities or their employees the focus should be on the defendants rather than the cause of action or the type of injuries sustained by the plaintiffs.

By focusing on the category of defendants at issue in this case, it is clear that section 8–101 of the Tort Immunity Act is more specific than section 13–212 of the Code of Civil Procedure. Section 8–101 specifically applies to defendants which are local entities and the employees of those entities which are a more specific category of defendant within the broader group of any physician, dentist, registered nurse or hospital described in section 13–212(a). Because section 8–101 of the Tort Immunity Act is the more specific statute when considering causes of action against local governmental entities and their employees, we believe the one-year limitation provision of section 8–101 of the Tort Immunity Act applies to actions against those defendants.

Plaintiffs further argue that significant policy reasons should preclude application of the one-year limitation period to actions against local entities and/or their employees. They contend that a claim for medical malpractice is often not immediately apparent to the injured party; that medical malpractice claims involve complex issues requiring substantial prefiling investigation; and that the fact that a hospital is a municipal hospital may not be readily apparent to someone who has been injured in such a facility. They, therefore, conclude that the status of the facility may not be obvious to an injured party until it is too late and that public policy should favor the two-year limitation period. Because these concerns compete with the legislative purposes of the limitation provision of the Tort Immunity Act we believe that they are questions appropriately left to the legislature.

We find the one-year limitation period in section 8–101 of the Tort Immunity Act more specifically applies in this case. It specifically states that no civil action, which includes any action whether based upon the common law or statutes or the Constitution of this state, may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. See 745 ILCS 10/8–101 
et seq. 
(West 1996).

Plaintiffs finally argue that if we determine the one-year limitation period applies to their causes of action, then our decision should be applied prospectively only. They believe that it would be unjust to apply retroactively any holding finding that section 8–101 of the Tort Immunity Act controls plaintiffs’ actions in this case. We disagree.

Generally, when a court issues an opinion, the decision is presumed to apply both retroactively and prospectively. 
Deichmueller Construction Co. v. Industrial Comm’n
, 151 Ill. 2d 413, 416 (1992). However, this presumption is overcome when a court expressly states that its decision will be applied prospectively only. 
Aleckson v. Village of Round Lake Park
, 176 Ill. 2d 82, 86 (1997).

In 
Aleckson
, 176 Ill. 2d at 92-94, we considered three factors in determining the question of prospective application. The three factors to be considered are: (1) whether the decision to be applied nonretroactively established a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether, given the purpose and history of the new rule, its operation will be retarded or promoted by prospective application; and (3) whether substantial inequitable results would be produced if the former decision is applied retroactively. 
Aleckson
, 176 Ill. 2d at 92-94.
 Applying these factors, we believe that retroactive application of today’s holding is appropriate.

Our decision in the cases at bar does not establish a new principle of law, for we believe that it was foreshadowed by the language of the statute, which, we have determined, requires this result. This initial consideration is a “threshold requirement” for prospective application of a new decision (
Aleckson
, 176 Ill. 2d at 88), and therefore we must deny prospective application in the circumstances shown here.

CONCLUSION

For the reasons stated, the judgment of the appellate court is affirmed.

Judgment affirmed. 

CHIEF JUSTICE FREEMAN, specially concurring:

I agree with the plurality to the extent that it holds that the one-year statute of limitation contained in section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 (West 1996)) applies to the causes of action at issue in this case. I also believe, like the plurality, that the policy considerations presented in this appeal are questions that are more appropriately left to our General Assembly. Slip op. at 8. Nevertheless, I agree with Justice Heiple that plaintiffs “make a plausible case that the focus [in this appeal] should be on the type of the cause of action, not on the nature of the defendants.” See slip op. at 10 (Heiple, J., specially concurring). Therefore, I join in Justice Heiple’s special concurrence to the extent that “this is one of those instances where ‘the legislature intended to make the general act controlling’ ” and that section 8–101 of the Tort Immunity Act was designed to apply broadly to any possible claim against a local governmental entity and its employees. Slip op. at 10 (Heiple, J., specially concurring), quoting 
Stone v. Department of Employment Security Board of Review
, 151 Ill. 2d 257, 266 (1992). However, I do not join in, nor do I condone, Justice Heiple’s characterization of the dissent submitted in this matter by Justice McMorrow.

JUSTICE HEIPLE, also specially concurring:

I agree with the plurality’s holding that the one-year statute of limitations in section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 (West 1996)), not the two-year statute of limitations in section 13–212(a) of the Code of Civil Procedure (735 ILCS 5/13–212(a) (West 1996)), applies to medical malpractice actions against local governmental entities and their employees. I write separately, however, because I believe the plurality’s analysis is both an oversimplification and ultimately unpersuasive.

The plurality employs the familiar rule of statutory construction which states that “ ‘[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail.’ ” 
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 195 (1992), quoting 
Bowes v. City of Chicago
, 3 Ill. 2d 175, 205 (1954). Focusing on “the 
nature of the defendants
 rather than on the type of the cause of action,” the plurality concludes that section 8–101 is the more specific statute. (Emphasis added.) Slip op. at 6. The plurality’s analysis is an oversimplification because section 8–101 is 
both
 more specific
 and
 more general than the statute of limitations in section 13–212(a). It is more specific in the sense that it applies to a narrow class of defendants, local entities and their employees. On the other hand, it is more general than section 13–212(a) because it applies to 
any
 civil action, not just to medical malpractice actions. Plaintiffs make a plausible case that the focus should be on the type of the cause of action, not on the nature of the defendants. From plaintiff’s point of view, the plurality’s exclusive focus on the nature of the defendants in both statutes is completely arbitrary.

The plurality’s analysis is ultimately unpersuasive because, to the extent that section 8–101 is more general than section 13–212(a), this is one of those instances where “the legislature intended to make the general act controlling.” 
Stone v. Department of Employment Security Board
, 151 Ill. 2d 257, 266 (1992), quoting 2B N. Singer, Sutherland on Statutory Construction §51.05, at 174 (5th ed. 1992). As the plurality points out, the purpose of the one-year statute of limitations in section 8–101 is to encourage early investigation and settlement of meritorious claims so governmental entities can plan their budgets in light of potential liabilities. Slip op. at 7. By its very nature then, section 8–101 was designed to apply broadly to any possible claim against a local governmental entity and its employees. This type of comprehensive protection necessarily controls over other statutes of limitations. Nothing suggests the legislature intended to abandon this scheme with respect to medical malpractice actions.

Justice McMorrow’s argument in her dissent that the one-year statute of limitations in section 8–101 of the Tort Immunity Act does not apply to plaintiff’s medical malpractice action because it does not explicitly say that it trumps the two-year statute of limitations in section 13–212(a) of the Code of Civil Procedure is inane. The very reason this court analyzes which statute is more specific is because, arguably, either statute applies. There would be no reason to resort to this tool of statutory construction in the first place if one statute explicitly provides that it takes precedence over the other statute. Contrary to Justice McMorrow’s dissent, the fact that the legislature created an across-the-board rule limiting the time in which to file “any action” against a public entity or its employees to one year is powerful evidence that the legislature intended the more general statute to be controlling.

JUSTICE HARRISON, dissenting:

Contrary to the plurality, I believe that 
Lanxon v. Magnus
, 296 Ill. App. 3d 377 (3rd Dist. 1998), 
Cleaver v. Marrese
, 253 Ill. App. 3d 778 (5th Dist. 1993), and 
Murray v. Sheahan
, 991 F. Supp. 1052 (N.D. Ill. 1998), were correctly decided. Accordingly, plaintiffs’ medical malpractice actions should be governed by the two-year limitations period for medical malpractice actions set forth in the Code of Civil Procedure rather than the generic one-year limitations period set forth in the Tort Immunity Act. Because plaintiffs filed their complaints within the applicable two-year limitations period, defendants’ motions to dismiss were properly denied, and the judgment of the appellate court should be reversed.

JUSTICE McMORROW, also dissenting:

At issue in this appeal is whether the two-year limitation period in section 13–212(a) of the Code of Civil Procedure (735 ILCS 5/13–212(a) (West 1992)) or the one-year limitation period in section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8–101 (West 1996) (Tort Immunity Act)) applies to medical malpractice actions brought against local governmental entities and/or their employees. The plurality opinion holds that the one-year limitation period provided in section 8–101 of the Tort Immunity Act is more specifically applicable. The plurality’s conclusion that section 8–101 of the Tort Immunity Act is the more specific statute represents an unwarranted and unprecedented departure from our well-established jurisprudence. Therefore, I respectfully dissent.

Based upon the plain language of the two statutes at issue, arguably either provision could apply to plaintiffs’ claims. Section 8–101 of the Tort Immunity Act is applicable to “civil actions” against local governmental entities and/or their employees, whereas section 13–212(a) of the Code of Civil Procedure applies to “actions for damages for injury or death against any physician, dentist, registered nurse or hospital.” However, the two statutes conflict because section 13–212(a) permits a two-year period of filing limitation, whereas section 8–101 allows a one-year limitation period. Therefore, as the plurality correctly observes, the linchpin determination in this matter is which of these two conflicting statutory provisions should control. The decision hinges upon which of the two provisions is more specifically applicable to the cause at bar.

It is a long-established rule that “ ‘[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail.’ ” 
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 195 (1992), quoting 
Bowes v. City of Chicago
, 3 Ill. 2d 175, 205 (1954). This is true “
especially
 where the particular provision is later in time of enactment.” (Emphasis added.) 
Bowes
, 3 Ill. 2d at 205; see also 
Jahn v. Troy Fire Protection District
, 163 Ill. 2d 275, 282 (1994) (when choosing between two statutes in direct conflict, “the more recent enactment generally will prevail as the later expression of legislative intent”).

Traditionally, in determining which of two statutes is more specifically applicable to a particular matter, most courts have looked primarily to the nature of the plaintiff’s cause of action and the type of injury sustained by the plaintiff. For example, in 
Hernon v. E.W. Corrigan Construction Co.
, this court held that the limitations period for acts or omissions relating to construction (Ill. Rev. Stat. 1989, ch. 110, pars. 13–214(a), (b)) is more specific than the limitations period for personal injury actions (Ill. Rev. Stat. 1989, ch. 110, par. 13–202) because the former concerns only construction-related activities. 
Hernon
, 149 Ill. 2d at 196. Similarly, in 
Bertolis v. Community Unit School District No. 7
, 283 Ill. App. 3d 874, 880 (1996), the appellate court determined that the limitations period for personal injury actions brought by minors that accrued during minority (735 ILCS 5/13–211 (West 1994)) governed the plaintiff’s claim because it more specifically addressed the plaintiff and the nature of the plaintiff’s injury than section 8–101. Also, in 
Zimmer v. Village of Willowbrook
, 242 Ill. App. 3d 437, 442 (1993), the court held that the limitations period for actions brought against a body politic relating to acts or omissions in construction (735 ILCS 5/13–214(a) (West 1994)) is more specific than section 8–101 of the Tort Immunity Act because the statutory action against a body politic is restricted to claims arising from construction activities. See also, 
e.g.
, 
Walsh v. Barry-Harlem Corp.
, 272 Ill. App. 3d 418, 426 (1995) (holding section 13–212(a), the statute of limitation at issue in the case at bar, to be more specifically applicable than the limitations period contained in the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 1992)) because section 13–212(a) applies only to medical malpractice actions); 
Desai v. Chasnoff
, 146 Ill. App. 3d 163, 167 (1986) (holding section 13–212(a) more specifically applicable than the limitations period in the Uniform Commercial Code (810 ILCS 5/1–101 
et seq
. (West 1992)) because the former applies only to a particular type of claim and the latter applies to all breaches of contracts for sale).

Applying this traditional, well-established analysis to the cause at bar, it is clear that section 13–212(a) of the Code of Civil Procedure is the statute which is more specifically applicable. Section 13–212(a) more narrowly defines the plaintiffs, their injuries, and the nature of their claims, specifying that the cause of action must involve damages for “injury or death *** arising out of patient care.” The provisions of section 13–212(a) stand in sharp contrast to the far broader and more generic language of section 8–101, which applies to a “civil action” for “any injury.”

The conclusion that section 13–212(a) is more specifically applicable to the cause at bar is further supported by the fact that section 13–212 of the Code of Civil Procedure was enacted subsequent to section 8–101 of the Tort Immunity Act. Section 13–212 was enacted in 1982 (735 ILCS Ann. 5/13–212, Historical & Statutory Notes, at 366 (Smith-Hurd 1992)), nearly two decades after section 8–101 was enacted in 1965 (745 ILCS Ann. 10/8–101, Historical & Statutory Notes, at 882 (Smith-Hurd 1993)).
(footnote: 1) The fundamental rule of statutory construction is to give effect to the intent of the legislature. 
E.g.
, 
State v. Mikusch
, 138 Ill. 2d 242, 247 (1990). It is well established that in seeking to ascertain legislative intent, “[i]t is presumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments.” 
Mikusch
, 138 Ill. 2d at 247-48; see also, 
e.g.
, 
DeGrand v. Motors Insurance Co.
, 146 Ill. 2d 521, 526 (1992); 
Spina v. Toyota Motor Credit Corp
., 301 Ill. App. 3d 364, 376 (1998); 
Chicago Osteopathic Medical Centers v. City of Chicago
, 271 Ill. App. 3d 165, 171-72 (1995). Inasmuch as section 13–212 of the Code of Civil Procedure was enacted subsequent to section 8–101 of the Tort Immunity Act, we may, pursuant to well-settled rules of construction, presume that the legislature acted with full knowledge of the limitation period in section 8–101, and may further presume that the legislature chose, in enacting section 13–212, to enlarge the period in which a cause of action may be brought against the specified defendants engaged in providing health services.

Applying these traditional rules of analysis, two panels of our appellate court, in 
Lanxon v. Magnus
, 296 Ill. App. 3d 377 (1998), and 
Cleaver v. Marrese
, 253 Ill. App. 3d 778 (1993), and one federal district court, in 
Murry v. Sheahan
, 991 F. Supp. 1052 (N.D. Ill. 1998), have considered the precise issue presented in the matter at bar. All three courts found section 13–212(a) to be more specific than section 8–101, and held that section 13–212(a) provided the applicable statute of limitations in medical malpractice actions against governmental entities and/or their employees.

Without explanation or citation to authority, the plurality departs from these long-established rules by shifting the focus of the specificity inquiry exclusively to the “nature of the defendants.” Slip op. at 6. In so doing, the plurality obviates any assessment of the nature of the plaintiff’s claim and the type of injury sustained by the plaintiff. Indeed, it is only by altering the focus of the analysis that the plurality can escape the conclusion that section 13–212(a) is the more specifically applicable statute to the matter at bar.

It is significant that the plurality provides no citation to any authority supporting its proposition that the specificity of a particular statute must be determined 
solely
 upon examination of the category of the defendants. Those courts which have considered the relevancy of the category of defendants covered under a particular statute have done so as 
part of
 the court’s overall specificity analysis. For example, in 
Wheatley v. Chicago Transit Authority
, 289 Ill. App. 3d 60, 65 (1997), the appellate court found section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1994)) to be more specific than section 8–101 of the Tort Immunity Act because the Metropolitan Transit Authority Act is only applicable to personal injury claims 
and
 only applicable to claims against the CTA. See also 
Heneghan v. Sekula
, 181 Ill. App. 3d 238, 242 (1989) (section 13–212(a) of the Code of Civil Procedure is more specifically applicable than the limitations period for contribution actions (Ill. Rev. Stat. 1983, ch. 110, par. 13–204) because section 13–212(a) applies to a specific type of claim 
and
 to a specific category of defendant). The plurality’s sole focus upon the category of defendants in determining a statute’s specificity appears unprecedented.

The plurality finds that section 8–101 controls because it “specifically applies to defendants which are local entities and the employees of those entities which are a more specific category of defendant within the broader group of any physician, dentist, registered nurse or hospital described in section 13–212(a).” Slip op. at 7. Not only is the plurality’s analysis misdirected, but its logic is flawed. The critical inquiry is which of these two conflicting statutes is more specifically applicable 
to this particular cause of action
, namely, plaintiffs’ medical malpractice claims. I submit that section 13–212(a) controls, because it narrows, or makes more specific, the class of defendants as those individuals and entities directly involved in patient care. In contrast, section 8–101 sets forth an extremely broad category of defendants, and encompasses all governmental entities and their employees. Contrary to the plurality’s conclusion, the health care providers and hospitals governed by section 13–212(a) constitute a subset within the broader, all-encompassing “local government entity” category identified in section 8–101.

 The plurality’s newly conceived approach in determining the specificity of conflicting statutory provisions needlessly upsets long-established principles and may result in uncertainty among members of the bench and bar regarding which analysis should be employed. Further, the plurality opinion leaves many questions unanswered: Is the category-of-defendants approach meant to completely replace the traditional rules of specificity analysis? The plurality decision appears to completely foreclose consideration of the nature of a plaintiff’s claims and the type of injury sustained in determining the specificity of a statutory provision. If the plurality’s intention was only to supplement, rather than replace, the traditional modes of analysis, then when and under what circumstances is the defendant-category approach to be employed? The plurality opinion implies, but does not state, that this approach will be utilized when a provision of the Tort Immunity Act conflicts with another statute. If this is the intended rule, it would be beneficial to the bench and bar to make this clear.

In light of the overwhelming authority supporting the conclusion that section 13–212(a) is more specifically applicable to the claims at bar, there is considerable cause to question the basis of the plurality’s contrary decision. Review of the content of the plurality opinion reveals that, at its essence, this is a policy-driven decision aimed at achieving a particular result. The plurality’s conclusion that the one-year limitation period contained in section 8–101 is more specifically applicable to the matter at bar is supported, almost entirely, by reliance upon the legislative purpose in enacting the Tort Immunity Act. The plurality correctly observes that the purpose of the Act is to protect local public entities and their employees from liability arising from the operation of government, and, to this end, affords them greater protection than nongovernmental entities and their employees. The plurality also correctly notes that the purpose of the shorter limitations period in section 8–101 was to encourage early investigation into claims and to lessen the financial exposure of local government. 
Saragusa v. City of Chicago
, 63 Ill. 2d 288, 293 (1976).

Important policy considerations may be attendant to decisions dealing with municipal liability under the Tort Immunity Act. However, in the matter at bar, the plurality misses the critical fact that applying the limitation period contained in section 13–212(a) to municipal hospitals and their employees would not adversely affect the public interests protected by the Act, especially by section 8–101. The plurality’s holding that section 8–101 more specifically applies does 
not
 serve to immunize local government defendants from medical malpractice liability, nor does the holding alter the standard of liability applicable to medical malpractice actions. The ruling serves 
only to limit the time 
within which any medical malpractice action for injuries against a municipal hospital or any of its employees may be brought. However, all statutes of limitation serve the primary purpose of preventing extended exposure to potential liability by encouraging early investigation into claims during a period when witnesses and other evidence are available and conditions have not materially changed. See 
Hayes v. Mercy Hospital & Medical Center
, 136 Ill. 2d 450, 457-58 (1990). Therefore, the application of the two-year limitation period of section 13–212(a) to all medical malpractice actions would not undermine the intention of the legislature.

In its well-reasoned opinion in 
Lanxon v. Magnus
, the appellate court outlined compelling policy interests militating against imposing the shorter time limitation of section 8–101 to medical malpractice actions. First, the court noted that due to the very nature of a medical malpractice claim, it is often not readily apparent to the injured party that he or she has a cause of action. 
Lanxon
, 296 Ill. App. 3d at 383. In addition, medical malpractice actions usually involve complex issues which require compliance with certain requirements prior to the filing of the claim. For example, plaintiffs must obtain an affidavit from a physician (735 ILCS 5/2–622 (West 1996)) certifying that the plaintiff’s claim is meritorious. 
Lanxon
, 296 Ill. App. 3d at 383. Finally, the 
Lanxon
 court noted that the fact that a facility is a municipal hospital may not be immediately apparent or known to an individual injured in such a facility. Therefore, it may not be known to an injured party, until it is too late, that the claim would be governed by a shorter statute of limitation due to the status of the hospital as a public entity. In sum, the court in 
Lanxon
 concluded that “[b]ased upon the unique nature and procedural requirements of claims arising out of patient care, we find no reason to hold municipal hospitals to a lesser standard than any other hospital.” 
Lanxon
, 296 Ill. App. 3d at 383. The court held that the two-year statute of limitation in section 13–212(a) should apply.

 With some recognition of the fundamental flaws in the legal analysis employed in the plurality opinion, one of my colleagues, as a means of salvaging the result achieved in this case, has attempted to ameliorate the unfairness inherent in the decision. However, this also is of no avail. In his special concurrence, Justice Heiple acknowledges the plurality’s legal analysis is “unpersuasive *** to the extent that section 8–101 is more general than section 13–212(a).” Justice Heiple, citing to this court’s decision in 
Stone v. Department of Employment Security Board of Review
, 151 Ill. 2d 257, 266 (1992), attempts to defend the plurality’s result on the basis that section 8–101 presents “one of those instances where ‘the legislature intended to make the general act controlling.’ ” Slip op. at 10 (Heiple, J., specially concurring). However, scrutiny of the 
Stone
 case reveals that the conclusion that the legislature intended to make the general act controlling in this instance is also unsupportable.

In 
Stone
, this court addressed the issue of whether the plaintiff had to name the Director of Employment Security as a defendant in his complaint seeking judicial review of a decision finding him ineligible for unemployment benefits. Resolution of this issue required this court to interpret two different statutes: section 1100 of the Unemployment Insurance Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 520) and section 3–107 of the Administrative Review Law (the Review Law) (Ill. Rev. Stat. 1989, ch. 110, par. 3–107). Section 1100 of the Act provided that any decision made by the Board of Review of the Department of Employment Security was reviewable only in accordance with the Review Law, and, further, that the Director shall be deemed to be a party to any action on judicial review. Section 3–107 of the Review Law provided that all persons who were parties of record to the proceedings before the administrative agency shall, for purposes of judicial review, be made defendants. In 
Stone
, the plaintiff argued that because the Director was not a party to the proceedings before the administrative agency, plaintiff was not required to name the Director in his complaint for judicial review.

We began our analysis in 
Stone
 by noting that, “[a]s a starting point, we look for the intent of the legislature in the language of the statute.” 
Stone
, 151 Ill. 2d at 261. Having concluded that the two statutes conflicted, this court observed that “ ‘[g]enerally, specific statutory provisions control over general provisions on the same subject.’ ” 
Stone
, 151 Ill. 2d at 266, quoting 
Williams v. Illinois State Scholarship Comm’n
, 139 Ill. 2d 24, 57 (1990). However, this court held that “the more specific statute does not control where ‘it appears that the legislature intended to make the general act controlling.’ ” 
Stone
, 151 Ill. 2d at 266, quoting 2B N. Singer, Sutherland on Statutory Construction §51.05, at 174 (5th ed. 1992). Examining the statutes at issue in that case, we observed that, pursuant to section 3–102 of the Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3–102), the legislature 
specifically provided 
in the statute that the Review Law would take precedence over other statutory modes of review
.
 Therefore, this court held that because the Review Law itself stated that when its provisions are expressly adopted no other statutory mode of review is to be employed, it was clear that the legislature did not intend that the Director be named in a complaint seeking judicial review of a Board decision. 
Stone
, 151 Ill. 2d at 266-67. In the case at bar, unlike 
Stone
, the legislature did not include explicit instructions within the statutory language of the Tort Immunity Act to determine precedence in the event of conflicting provisions.

Also, the Sutherland treatise on statutory construction provides that where one statute deals with a subject in general terms, and another deals with the subject more specifically, the latter
 
will prevail, 
unless
 it appears that the legislature intended to make the general act controlling. 2B N. Singer, Sutherland on Statutory Construction §51.05, at 174 (5th ed. 1992). Again, this rule supports the conclusion that section 13–212(a) should govern the matter at bar. As stated, not only is section 13–212(a) more specific than section 8–101, there also is no indication that the legislature intended that section 8–101 trump the two-year limitation period provided for medical malpractice actions in section 13–212(a).

In sum, I believe that section 13–212(a) of the Code of Civil Procedure is the more specifically applicable statute in the case before us. Contrary to the plurality, I believe, as does Justice Harrison, that 
Lanxon
 and 
Cleaver
 were correctly decided and should not be overruled. The judgment of the appellate court should be reversed in this matter.

JUSTICE RATHJE joins in this dissent.

FOOTNOTES
1:     
1
Although both statutes have been amended in recent years, the amendments did not remedy the conflict between these statutes as they relate to the limitations provisions for medical malpractice claims brought against municipal hospitals and/or their employees.