STEPHEN C. GREB, Plaintiff-Appellant, v. THE FOREST PRESERVE DISTRICT OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—00—2152

Opinion filed June 18, 2001.

462

Patrick J. Kenneally and Robert F. Geimer, both of Patrick J. Kenneally, Ltd., of Chicago, for appellant.

Charles G. Albert and Allison L. Wood, both of Albert, Whitehead, P.C., of Chicago, for appellees.

JUSTICE COHEN delivered the opinion of the court:

Plaintiff, Stephen Greb, filed a negligence complaint against defendant City of Chicago (the City), seeking damages for injuries he sustained while riding his motorcycle on River Road as the street was undergoing repair. The trial court dismissed plaintiff's claim against the City for failure to file suit within the period described in the applicable statute of limitations. We affirm.

## Background

On August 28, 1994, plaintiff was driving his motorcycle north on River Road when he encountered road repair work. As plaintiff followed the routing of traffic through the construction site, he drove over some loose stones, skidded, lost control of his vehicle and, colliding with one of the barricades, suffered personal injuries.

On August 28, 1995, plaintiff filed a negligence complaint against the Forest Preserve District of Cook County, the State of Illinois, the Illinois Department of Transportation and the County of Cook. Plaintiff alleged that those entities negligently maintained and marked a barricaded water main maintenance jobsite on River Road in the Village of Schiller Park. On October 25, 1996, plaintiff filed an amended complaint naming Western Industries, Inc., and Vulcan Materials

Company as additional defendants. The State of Illinois and the Illinois Department of Transportation were omitted as defendants in the first amended complaint. Plaintiff filed a second amended complaint on February 18, 1997, adding the City of Chicago as a defendant. The City filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 2000)), alleging that plaintiff failed to comply with the one-year statute of limitations in the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8—101 (West 2000)).

Plaintiff argues that the circuit court should have applied the four-year statute of limitations for causes of action relating to construction design management and supervision found in section 13—214 of the Code. 735 ILCS 5/13—214 (West 2000). At issue is whether the controlling statute of limitations is the one year designated in section 8—101 of the Tort Immunity Act or the four years designated in section 13—214 of the Code. We review *de novo* the circuit court's order granting the City's motion to dismiss. *Phelan v. Keiser*, 312 Ill. App. 3d 573, 574, 727 N.E.2d 390, 391 (2000).

## Analysis

•1 The purpose of a statue of limitations is "to discourage the presentation of stale claims and to encourage diligence in the bringing of actions." *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 137, 334 N.E.2d 160, 164 (1975). When deciding which of two conflicting statutes of limitations is more specifically applicable to a plaintiff's case, courts in Illinois have traditionally considered the nature of the claims and the type of injuries sustained. *Cleaver v. Marrese*, 253 Ill. App. 3d 778, 782-83, 625 N.E.2d 1129, 1132-33 (1993). However, in *Tosado v. Miller*, 188 Ill. 2d 186, 720 N.E.2d 1075 (1999), a medical malpractice case, the Illinois Supreme Court held that when choosing between the statute of limitations contained in the Tort Immunity Act and that found in section 13—212 of the Code (735 ILCS 5/13—212 (West 2000)), the focus "should be on the nature of the defendants rather than on the type of the cause of action." *Tosado*, 188 Ill. 2d at 194, 720 N.E.2d at 1080.

•2 The *Tosado* court's departure from the general rule was predicated on the court's belief that the legislature intended the Tort Immunity Act to protect a special class of defendants, namely, local governmental entities and their employees.

> "The legislature *** specifically stated that its purpose was 'to protect local public entities and public employees from liability arising from the operation of government.' 745 ILCS 10/1—101.1(a)

(West 1994). In enacting the Tort Immunity Act the legislature focused on a particular category of potential defendants and granted local governmental entities and their employees greater protection than non-governmental entities and their employees." *Tosado*, 188 Ill. 2d at 194, 720 N.E.2d at 1080.

The Tort Immunity Act represents a narrowing of the limitations period applicable to suits against local governmental entities. As the supreme court stated:

"This court recognized the legislative intent behind the Tort Immunity Act in *Saragusa v. City of Chicago*, 63 Ill. 2d 288 (1976). In *Saragusa*, this court stated that the purpose of the limitation period contained in section 8—101 'is to encourage early investigation into the claim asserted against the local government ***.' *Saragusa*, 63 Ill. 2d at 293. Such an investigation permits prompt settlement of meritorious claims and allows governmental entities to plan their budgets in light of potential liabilities. *Reynolds v. City of Tuscola*, 48 Ill. 2d 339, 342 (1971). The court in *Saragusa* further stated that '[b]ecause a local government entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged period of time within which a claim must be asserted is reasonable.' *Saragusa*, 63 Ill. 2d at 293." *Tosado*, 188 Ill. 2d at 195, 720 N.E.2d at 1080.

Mandated by the new direction set by the supreme court in *Tosado*, *Tosado*'s holding has been applied outside of the medical malpractice arena. In *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 738 N.E.2d 574 (2000), plaintiff sued for damages resulting from failure to maintain a drainage system. An issue on appeal was whether the controlling statute of limitations was the one year designated in the Tort Immunity Act or the five years designated in section 13—205 of the Code (735 ILCS 5/13—205 (West 1992)). The *Roark* court held that *Tosado* was controlling because the defendant was a local governmental entity and therefore section 8—101 was the statute of limitations to be applied.[1] 316 Ill. App. 3d at 846, 738 N.E.2d at 584.

Subsequent to *Roark*, the supreme court reinforced its interpretation of the Tort Immunity Act in *Ferguson v. McKenzie*, 202 Ill. 2d 304 (2001). The court held in *Ferguson* that because the purpose of the Tort Immunity Act is to protect local governmental entities from stale

---

[1]In deference to the strong dissent in *Tosado*, the court in *Roark* also found section 8—101 of the Tort Immunity Act to be "more specifically applicable" to the type of action plaintiff brought against the defendant. *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 846, 738 N.E.2d 574, 584 (2000).

claims (*Ferguson*, 202 Ill. 2d at 310), the one-year limitations period of the Tort Immunity Act was applicable to wrongful death claims against Cook County. In *Ferguson*, the court had to determine the appropriate limitations period where "an heir in a wrongful death claim was a minor when the cause of action accrued, but whose claim against Cook County was not brought until after her nineteenth birthday." *Ferguson*, 202 Ill. 2d at 306. The court struck a balance between section 13—212(b) of the Code (735 ILCS 5/13—212(b) (West 2000)), which allows a minor eight years to file suit, and section 8—101 of the Tort Immunity Act by holding that section 13—212(b) applies until the heir reaches the age of 18, at which point the one-year period designated in section 8—101 of the Tort Immunity Act begins to run. Since the heir in *Ferguson* failed to file suit within one year after the heir's eighteenth birthday, the claim was time-barred. *Ferguson*, 202 Ill. 2d at 310.

Our supreme court has repeatedly stated that legislative intent is the "primary inquiry and controls the court's interpretation of a statute." *Ferguson*, 202 Ill. 2d at 312, citing *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111, 610 N.E.2d 1250, 1253 (1993). The legislative intent of the Tort Immunity Act is to narrow the statute of limitations for any tort action against local governmental entities and local governmental employees. *Ferguson*, 202 Ill. 2d at 310; *Tosado*, 188 Ill. 2d at 195, 720 N.E.2d at 1080.

The analysis in *Tosado* is clearly applicable to any claim in tort against a local governmental entity or local governmental employee. In his concurring opinion in *Tosado*, Justice Heiple stated "[b]y its very nature then, section 8—101 was designed to apply broadly to any possible claim against a local governmental entity and its employees. This type of comprehensive protection necessarily controls over other statutes of limitations. *** [T]he fact that the legislature created an across-the-board rule limiting the time in which to file 'any action' against a public entity or its employees to one year is powerful evidence that the legislature intended the more general statute to be controlling." *Tosado*, 188 Ill. 2d at 199-200, 720 N.E.2d at 1083 (Heiple, J., specially concurring).

•3 Given the clear intent of the legislature and the supreme court's decisions in *Tosado* and *Ferguson*, we hold that when a party seeks to sue a local governmental entity or its employees in tort, the Tort Immunity Act's one-year statute of limitations applies because the Tort Immunity Act is more specific to the type of defendant than section 13—214 of the Code. As to plaintiff's assertion that the decision in *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 610 N.E.2d 709

(1993),[2] should control this court, we share with plaintiff's attorney the following insight into the Illinois court system: as the appellate court, we have neither the authority to abandon supreme court precedent (*Bainter v. Village of Algonquin*, 285 Ill. App. 3d 745, 755-56, 675 N.E.2d 120, 128 (1996)), nor do we have the authority to amend or to annex a statute (*In re M.M.*, 156 Ill. 2d 53, 69, 619 N.E.2d 702, 711 (1993)). Plaintiff's assertion, which this court realizes is in essence a wing and a prayer, will not fly. This court need not consider the point further.

Adding the City as a defendant two years after the first complaint was filed exceeds the one-year statute of limitations provided by the Act. Plaintiff's claim against the City is stale. The circuit court was correct to dismiss the claim under *Tosado*.

We affirm the circuit court's order dismissing plaintiff's claim against the City.

Affirmed.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.

---

[2]At issue in *Zimmer*, as in the present case, was whether, in a suit for property damage by flooding against a local governmental entity, the controlling statute of limitations was contained in the Tort Immunity Act or section 13—214 of the Code. Decided six years before *Tosado*, the court in *Zimmer* held that the four-year statute of limitations designated in section 13—214 was a narrow exception to the Tort Immunity Act because the provision was more particular to the court's finding that the pond and culvert construction constituted an improvement to the land.