789 N.E.2d 342 (2003)
338 Ill. App.3d 781
273 Ill.Dec. 442
Marek PASZKOWSKI, Plaintiff-Appellant,
v.
METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, a Municipal Corporation, Defendant-Appellee.
No. 1-01-4419.
Appellate Court of Illinois, First District, First Division.
April 21, 2003.
*343 Richard E. Foss. Marvin A. Brustin, Ltd., Chicago, for Appellant.
Gerald T. Rohrer, Jr., Schuyler, Roche & Zwirner, Chicago, for Appellee.
Justice O'MALLEY delivered the opinion of the court:
Plaintiff, Marek Paszkowski, sued the Metropolitan Water Reclamation District of Greater Chicago (the District), among others, for an injury sustained by plaintiff while working on the deep tunnel project in Chicago, Illinois. Plaintiff filed suit in the circuit court of Cook County alleging negligence. The District filed a motion to dismiss based on section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/8-101 (West 1998)), alleging that plaintiff filed the complaint beyond the one year time limit for bringing the action. On June 7, 2001, the trial court denied the District's motion, finding that the four year time limit found in section 13-214 of the Code of Civil Procedure (the Code) (735 ILCS 5/13-214 (West 1998)) was applicable in this case.
The District filed a motion to reconsider the trial court's prior denial of its motion to dismiss predicated upon this court's June 18, 2001, decision in Greb v. Forest Preserve District of Cook County, 323 Ill. App.3d 461, 256 Ill.Dec. 639, 752 N.E.2d 519 (2001). On November 28, 2001, the trial court reconsidered its ruling and found in favor of the District. Plaintiff appeals claiming that the trial court erred in finding that section 8-101 of the Act applied to the instant case instead of section 13-214 of the Code. Plaintiff argues that the holding in Greb was incorrect and this court should reverse the trial court. For the following reasons, we reverse the lower court's ruling and remand for further proceedings.

BACKGROUND
On March 5, 1998, plaintiff sustained serious injuries from an accident involving a cement remix car in the course of his duties as a construction laborer. Plaintiff was working on the deep tunnel project on property that was owned by the District. On February 9, 2000, plaintiff filed a complaint against the District to recover for the injuries he sustained. The District filed a motion to dismiss the action claiming that plaintiff failed to file his complaint within the one year limitation period of section 8-101 of the Act. Plaintiff responded that the proper limitation was contained in section 13-214 of the Code because it was more specific in that it both applied to construction torts as well as identified "any body politic" as a potential defendant. 735 ILCS 5/13-214 (West 1998). The trial court agreed with plaintiff and denied the District's motion.
On June 18, 2001, 11 days after the trial court denied the District's motion to dismiss, the Greb case was decided. The issue in Greb is identical to the issue in the case here. As a result, the District filed a motion in the trial court to reconsider it's previous ruling in light of Greb. The trial court granted the District's motion to dismiss based on section 8-101 of the Act and Greb. Plaintiff filed this timely appeal.

ANALYSIS
Plaintiff claims that the decision in Greb was incorrect and should not be applied *344 by this court. First, plaintiff argues that the Greb decision failed to recognize the plain language of section 13-214 of the Code. 735 ILCS 5/13-214 (West 1998). Second, the Greb court's reliance on Tosado v. Miller 188 Ill.2d 186, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999), was misplaced. Finally, plaintiff insists that Greb failed to follow clear Illinois authority finding that section 13-214 of the Code is more specific than section 8-101 of the Act. 735 ILCS 5/13-214 (West 1998); 745 ILCS 10/8-101 (West 1998). Plaintiff also argues, in the alternative, that Greb should not apply retroactively in his case should we find that the trial court did not err. For the reason that follow, we agree with plaintiff and need not address the issue of retroactivity.
This case presents questions of statutory interpretation, which are reviewed de novo. Michigan Avenue National Bank v. County of Cook, 191 Ill.2d 493, 503, 247 Ill.Dec. 473, 732 N.E.2d 528 (2000). The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. Kunkel v. Walton, 179 Ill.2d 519, 533, 228 Ill.Dec. 626, 689 N.E.2d 1047 (1997). "The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning." Paris v. Feder, 179 Ill.2d 173, 177, 227 Ill.Dec. 800, 688 N.E.2d 137 (1997). When the plain language of the statute is clear and unambiguous, the legislative intent that is discernable from this language must prevail, and no resort to other tools of statutory construction is necessary. Paris, 179 Ill.2d at 177, 227 Ill.Dec. 800, 688 N.E.2d 137. Where there is an alleged conflict between two statutes, a court has a duty to interpret those statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. McNamee v. Federated Equipment & Supply Co., 181 Ill.2d 415, 427, 229 Ill.Dec. 946, 692 N.E.2d 1157 (1998).
In Greb, the case upon which the trial court relied, the court was presented with the same issue before this court in this case. The plaintiff in Greb sued the defendant, the City of Chicago (City), alleging that it negligently maintained and marked a barricaded water main maintenance jobsite that caused his accident. The City claimed that the one year limitation on actions brought against governmental entities in section 8-101 of the Act should be applied in that case. 745 ILCS 10/8-101 (West 2000). The plaintiff argued that the court should have applied the four year statute of limitations for causes of action relating to construction design management and supervision found in section 5/13-214 of the Code. 735 ILCS 5/13-214 (West 2000). The Greb court held, relying on Tosado v. Miller, 188 Ill.2d at 186, 242 Ill.Dec. 120, 720 N.E.2d 1075, that section 8-101 of the Act applied to his action. Greb, 323 Ill.App.3d at 463, 256 Ill.Dec. 639, 752 N.E.2d 519. Greb also rejected the holding in Zimmer v. Village of Willowbrook, 242 Ill.App.3d 437, 442, 182 Ill. Dec. 840, 610 N.E.2d 709 (1993). Zimmer held that the legislature intended for section 13-214(a), which was enacted after section 8-101, to constitute a limited exception to section 8-101 of the Act. Zimmer, 242 Ill.App.3d at 443, 182 Ill.Dec. 840, 610 N.E.2d 709.
Section 13-214 of the Code provides in pertinent part:
"(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing *345 an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214(a) (West 1998) Section 13-214 of the Code further provides that "`person' means any individual, any business or legal entity, or any body politic." 735 ILCS 5/13-214 (West 1998).
Section 8-101 of the Act provides:
"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term `civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101 (West 1998).
According to the plain language of both statutes, either section 13-214 of the Code or section 8-101 of the Act could apply to plaintiff's action. This court must decide which of these conflicting provisions must be given effect. In doing so, we must determine which of the two statutes more specifically applies to the case at hand. Zimmer, 242 Ill.App.3d at 442, 182 Ill.Dec. 840, 610 N.E.2d 709.
Our supreme court has recently evaluated the "more specifically applicable" distinction when two limitation statutes ostensibly apply to a single cause of action. In Tosado, the case on which Greb relies, our supreme court addressed the issue of whether the one year limitations period of the Act (745 ILCS 10/8-101 (West 1996)) or the two year limitations period for medical malpractice in section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 1992)) applied to a medical malpractice claim against a county hospital. Tosado, 188 Ill.2d at 189, 242 Ill.Dec. 120, 720 N.E.2d 1075. In a sharply divided plurality opinion, the court determined that in a medical malpractice action, a county hospital and its physician employees were subject to the one year limitations period imposed by section 8-101 of the Act, not the two year limitations period which generally applies to medical malpractice actions in section 13-212(a) of the Code (735 5/13-212(a) (West 1992)). Tosado, 188 Ill.2d at 194, 242 Ill.Dec. 120, 720 N.E.2d 1075.
Tosado's plurality arrived at this conclusion by deciding that when two applicable, but conflicting, statutes apply in a single action, the focus of the inquiry should be on the nature of the defendants rather than on the type of the cause of action. Tosado, 188 Ill.2d at 194, 242 Ill.Dec. 120, 720 N.E.2d 1075. This decision, according to the dissent in Tosado, was a departure from the "traditional approach" where the focus was on the nature of the action to determine the applicability of competing statutes. Tosado, 188 Ill.2d at 204-5, 242 Ill.Dec. 120, 720 N.E.2d 1075; See also Lanxon v. Magnus, 296 Ill.App.3d 377, 230 Ill.Dec. 641, 694 N.E.2d 610 (1998), and Cleaver v. Marrese, 253 Ill.App.3d 778, 193 Ill.Dec. 8, 625 N.E.2d 1129 (1993).
Plurality opinions, however, are often limited in their precedential value. Roark, 316 Ill.App.3d 835, 845, 250 Ill.Dec. 358, 738 N.E.2d 574. Because Tosado is a plurality decision, its precedential value as applied to this case is unclear. People v. Foggy, 121 Ill.2d 337, 358, 118 Ill.Dec. 18, 521 N.E.2d 86 (1988) (Simon, J., dissenting). In our view, however, Tosado is distinguishable from this case and, consequently, distinguishable from Greb.
Since section 13-214 of the Code on its face purports to apply to governmental entities, it falls outside the purview of Tosado. The Tosado court, in its analysis, upholds the basic rule of statutory construction that the more specific statute trumps the more general. See generally Tosado, 188 Ill.2d 186, 242 Ill.Dec. 120, *346 720 N.E.2d 1075. The statute at issue in Tosado, section 13-212(a), does not purport to delineate the respective affiliation of the defendants and, as a result, section 8-101 of the Code controlled because it was specifically addressed to governmental agencies. Under the circumstances in the instant case, it would be reasonable to conclude that where both statutes encompass the same defendants, the more specific statute would be the one that also involves the same cause of action namely, construction torts in section 13-214 of the Code.
Section 8-101 of the Act, with regard to the nature of potential defendants, enumerates "local entit[ies] or any of its employees." 745 ILCS 10/8-101 (West 1998). Section 13-214 of the Code provides that "`person' means any individual, any business or legal entity, or any body politic." (Emphasis added.) 735 ILCS 5/13-214 (West 1998). When focusing on the defendants concerned in the provisions at issue, both statutes purport to apply to any governmental entity by virtue of the plain language contained therein. To conclude otherwise would be to ignore the "any body politic" phrase that the legislature wrote into the statute. This court cannot declare that the legislature did not mean what the plain language of the statute imports. County of Du Page v. Graham, Anderson, Probst & White, Inc., 109 Ill.2d 143, 151-52, 92 Ill.Dec. 833, 485 N.E.2d 1076 (1985).
However, when one considers the "nature of the action" aspect of this case, section 13-214 is clearly more specific since it refers to a limited type of tort action, ones related to construction. 735 ILCS 5/13-214 (West 2000). Section 13-214 of the Code says it is applicable to "actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." Section 8-101 of the Act, on the other hand, applies to a far more general group of "civil actions" describing those civil actions to which it applies, as any action whether based upon common law, statutes, or the Constitution of this State. 745 ILCS 10/8-101 (West 2000).
In our opinion, the Greb court's reliance on Tosado and rejection of Zimmer in concluding that section 8-101 of the Act applied in that case rather than section 13-214 of the Code, was misplaced. The court in Greb failed to recognize that section 13-214 of the Code specified governmental entities on its face. The statute at issue in Tosado did not contain that caveat. Since section 13-214 of the Code explicitly provides that a governmental entity is within its purview, there is no reason to conclude that Tosado applies here. We agree with the rationale in Zimmer holding that section 13-214 of the Code is more specific than section 8-101 of the Act. Zimmer, 242 Ill.App.3d at 443, 182 Ill.Dec. 840, 610 N.E.2d 709. It is important to note, as well as instructive, that the plurality in Tosado cited Zimmer for the proposition that as between two specific statutes, the more specific controls. Tosado, 188 Ill.2d at 202, 242 Ill.Dec. 120, 720 N.E.2d 1075. In our view, Greb was decided incorrectly and we decline to apply it in the instant case.
For the foregoing reasons, the judgment of the circuit court is reversed and remanded for further proceedings.
Reversed and remanded.
GORDON, P.J., and McNULTY, J., concur.