STEVEN HAGER *et al.*, Plaintiffs-Appellants, v. II IN ONE CONTRACTORS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—01—4222

Opinion filed September 5, 2003."

---

"On July 26, 2005, an order was entered vacating this opinion and dismissing the appeal.

Kedzie & Svanascini, of Chicago (Michael J. Kedzie, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Richard J. Rettberg, Kristin Kvorsky Tauras, and Brian J. Kaplan, of counsel), for appellees.

JUSTICE REID delivered the opinion of the court:

At issue in this case is the question of which of two statutes of

limitations applies to the underlying dispute: the one-year or the four-year statute. The trial court, after holding that the one-year statute of limitations applied, granted a motion to dismiss. For the reasons that follow, we reverse the trial court's decision and remand the matter for further proceedings.

## BACKGROUND

Steven Hager, an employee of Walsh Construction (Walsh), was injured while working as a construction worker on a jobsite controlled by the City of Chicago (City) through the auspices of the Public Building Commission of the City of Chicago (Commission). The project involved the design and construction of the new Chicago police headquarters located at 3510 South Michigan Avenue. Hager and his wife filed suit against II in One Contractors (II in One), the City, and the Commission. II in One, a subcontractor on the project, was hired to provide, pour, place and finish the concrete for the project. Hager was injured when he slipped and fell on debris resulting from concrete overpour and pieces of loose concrete left on the ground. The complaint, filed one day short of two years following the date of the occurrence, alleged negligence and loss of consortium. Hager's complaint contains many allegations of negligence on the part of the defendants, which can be grouped as follows: (1) failure to make reasonable inspections, (2) improper operation, management, maintenance and control of the concrete work, (3) failure to provide a safe place to work, (4) failure to warn of the dangerous conditions when the defendants knew or should have known the dangers, and (5) failure to provide adequate safeguards and instructions, including safety training.

A default judgment was entered against the Commission for its failure to appear, answer or otherwise plead. That default judgment was subsequently vacated. The City and the Commission then filed a motion seeking dismissal pursuant to section 2—619 of the Code of Civil Procedure and section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8—101 (West 2000)) (Tort Immunity Act). The City and Commission argued their status as local public entities required the application of a shorter statute of limitations. Hager argued that the controlling statute of limitations is four years, based upon section 13—214 of the Code of Civil Procedure (735 ILCS 5/13—214 (West 2000)) (hereinafter Construction Act). The trial court dismissed the complaint at issue pursuant to section 2—619 of the Code of Civil Procedure. 735 ILCS 5/2—619 (West 2000). In granting the motion, the trial court relied heavily upon the holding in *Greb v. Forest Preserve District*, 323 Ill. App. 3d 461 (2001).

## ARGUMENTS OF THE PARTIES

Hager argues that the trial court erred in granting the motion to dismiss because the four-year statute of limitations governs. He claims the trial court's ruling violates the plain language of the Construction Act and fails to treat both statutes consistently, giving each full effect. Hager suggests that the court's main goal should be to give effect to the intent of the legislature. He believes the inquiry should start with the plain language of the statute itself. Hager argues that, when two legislative schemes do not seem completely compatible, they should be interpreted so that meaning is given to both. Hager believes the statute of limitations identified in section 13—214 should control because the action arises out of the supervision and management of the construction of an improvement to real property.

According to Hager, pursuant to the Tort Immunity Act, the government is only immune from specific things in the Act. Hager contends that the two statutes can be read together, holding that general claims against a municipality are governed by a one-year statute, unless the claim involves construction activities. Hager acknowledges the holdings in *Tosado v. Miller*, 188 Ill. 2d 186 (1999), and *Ferguson v. McKenzie*, 202 Ill. 2d 304 (2001), that the statute of limitations in the Tort Immunity Act controls over the medical malpractice statute of repose (735 ILCS 5/13—212(a) (West 2000)) but argues that those cases are different from this one, in that those cases involve a general medical malpractice limitation. Hager argues that *Greb* failed to analyze the language of the statute first. Hager also urges this court not to follow the *Tosado* case because that case was a plurality without precedential value.

The City responds that, under Illinois precedent and public policy, the Hagers' cause of action against the City and Commission, both public entities, is barred by the one-year statute of limitations. The City directs this court to *Greb*, a case involving a plaintiff injured when his motorcycle encountered road repair work. As the *Greb* plaintiff followed the rerouting of construction traffic, he drove over loose stones, skidded and lost control. Greb collided with a barricade, suffering personal injury. Greb filed a second amended complaint 2½ years after the accident that named the City of Chicago as a party defendant. The City moved to be dismissed from Greb's complaint, which the trial court granted, based on the one-year statute of limitations in the Tort Immunity Act. *Greb*, 323 Ill. App. 3d at 462-63. On appeal, Greb argued before this court that the four-year limitation applied instead. This court rejected that argument. *Greb*, 323 Ill. App. 3d at 465-66. Additionally, the City argues that *Greb* is consistent with other Illinois decisions, particularly the plurality decision in *Tosado*.

## ANALYSIS

■ The standard of review of a motion to dismiss under section 2—619 is *de novo*. *Spirit of Excellence, Ltd. v. Intercargo Insurance Co.*, 334 Ill. App. 3d 136, 145 (2002), citing *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). A second though equally important reason to apply the *de novo* standard of review is that this case ultimately turns on a question of statutory interpretation. *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 338 Ill. App. 3d 781, 784 (2003), citing *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503 (2000). A section 2—619 motion may be granted when the claim asserted is barred by some affirmative matter defeating the claim. *Malevitis v. Friedman*, 323 Ill. App. 3d 1129, 1131 (2001). "Facts apparent from the face of the pleadings, including the exhibits attached thereto, may be considered." *Haddick v. Valor Insurance*, 198 Ill. 2d 409, 414 (2001), citing *Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 186 Ill. 2d 472, 491-92 (1999). "[A court] will grant the motion to dismiss only if the plaintiff can prove no set of facts that would support a cause of action." *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 738 (2001), citing *Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago*, 189 Ill. 2d 200, 206 (2000). A section 2—619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter that appears on the face of the complaint or is established by external submissions that act to defeat plaintiff's claim. *Spirit of Excellence*, 334 Ill. App. 3d at 145, citing *Neppl*, 316 Ill. App. 3d at 584. If a cause of action is dismissed pursuant to section 2—619, the question on appeal is whether a genuine issue of material fact exists and whether defendant is entitled to a judgment as a matter of law. *Spirit of Excellence*, 334 Ill. App. 3d at 145, citing *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 680 (2000). The question on appeal from an order granting dismissal under section 2—619 is " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Doyle*, 186 Ill. 2d at 109-10, quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

■ Section 8—101 of the Tort Immunity Act provides, in pertinent part as follows:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury *unless it is commenced within one year from the date that the injury was received or the cause of action accrued.* For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." (Emphasis added.) 745 ILCS 10/8—101 (West 2000).

■ Section 13—214 of the Code of Civil Procedure reads, in pertinent part, as follows:

"§ 13—214. Construction—Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, *or any body politic.*

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property *shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.* Notwithstanding any other provision of law, contract actions against a surety on a payment or performance bond shall be commenced, if at all, within the same time limitation applicable to the bond principal." (Emphasis added.) 735 ILCS 5/13—214 (West 2000).

■ "*The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature.*" *Beetle v. Wal-Mart Associates, Inc.*, 326 Ill. App. 3d 528, 531 (2001), citing *People v. Owens*, 323 Ill. App. 3d 222, 228 (2001). " 'The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning.' " *Paszkowski*, 338 Ill. App. 3d at 784, quoting *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The Illinois Supreme Court in *Paris* teaches that we need not look elsewhere if the plain language of the statute readily demonstrates the legislative intent. *Paris*, 179 Ill. 2d at 177.

In *Greb*, the City of Chicago was sued because it allegedly negligently marked and maintained a barricaded water main at a jobsite. Greb argued, as does Hager in this case, that the four-year statute of limitations contained in section 13—214 should govern and not the one-year limitations period found in section 8—101. The *Greb* court, relying on the *Tosado* case, applied section 8—101 in favor of the City of Chicago. In *Tosado*, the Illinois Supreme Court analyzed the applicable statute of limitations in the medical malpractice action by focusing on " 'the nature of the defendants rather than on the type of cause of action.' " *Greb*, 323 Ill. App. 3d at 463, quoting *Tosado*, 188 Ill. 2d at 194.

■ In *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437 (1993), this court concluded that, in dealing with competing statutes of limitations, the specific usually controls over the general. However, situations can arise where both provisions are specific and neither is general. When neither competing statutory provision can be considered general, a court "must decide which of [the] two statutory provisions

is *more* specifically applicable to [the] case." (Emphasis in original.) *Zimmer*, 242 Ill. App. 3d at 442.

Here, as in *Greb*, *Tosado*, *Zimmer*, and now *Paszkowski*, we find ourselves confronted with two statutory provisions, each of which could apply. "Where there is an alleged conflict between two statutes, a court has a duty to interpret those statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible." *Paszkowski*, 338 Ill. App. 3d at 784, citing *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 427 (1998); *Zimmer*, 242 Ill. App. 3d 437 (In giving effect to one of two conflicting statutory provisions, we must determine which of the two statutes more specifically applies to the case at hand).

■ "[W]hen two limitations periods are applicable to a particular action, the more specific statute generally applies." *Beetle*, 326 Ill. App. 3d at 532, citing *Tosado*, 188 Ill. 2d at 191; *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 842 (2000). "When deciding which of two conflicting statutes of limitations is more specifically applicable to a plaintiff's case, courts in Illinois have traditionally considered the nature of the claims and the type of injuries sustained." *Greb*, 323 Ill. App. 3d at 463, citing *Cleaver v. Marrese*, 253 Ill. App. 3d 778, 782-83 (1993). *Tosado* represented a departure from this general rule in its focus " 'on the nature of the defendants rather than on the type of the cause of action.' " *Greb*, 323 Ill. App. 3d at 463, quoting *Tosado*, 188 Ill. 2d at 194. This court, in *Paszkowski*, held that because "section 13—214 of the Code on its face purports to apply to governmental entities, it falls outside the purview of *Tosado*." *Paszkowski*, 338 Ill. App. 3d at 786. We agree with the *Paszkowski* court's assessment of this type of dispute in relation to *Tosado*.

■ In ruling in the instant case, the trial court relied heavily upon *Greb* and rejected the reasoning articulated by this court in *Zimmer*. As in *Paszkowski*, we also believe *Greb* was incorrectly decided. Because section 13—214 identifies governmental entities on its face and deals specifically with those entities in the context of construction work, we believe it is more specific than the general statute of limitations in section 8—101 of the Tort Immunity Act. We believe that when the government gets in the business of construction, it should be treated, in the main, no differently than any other business engaged in construction. Because of the unique types of claims that arise out of construction site accidents, it makes sense to have more time to sort out the potential defendants and their relative rights and responsibilities. We believe that the legislature thought so too when it included "any body politic" in section 13—214. As this court ruled in *Paszkowsi*, "[w]e agree with the rationale in *Zimmer* holding that section

13—214 of the Code is more specific than section 8—101 of the Act." *Paszkowski*, 338 Ill. App. 3d at 787, citing *Zimmer*, 242 Ill. App. 3d at 443. As such, the four-year statute of limitations should have been applied to this case.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

CAMPBELL, P.J., and HARTIGAN, J., concur.